NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3125

RAMON GUTIERREZ,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  July 14, 2005

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and LOURIE, <u>Circuit Judges</u>.

PER CURIAM.

Ramon Gutierrez petitions for review of the decision of the Merit Systems Protection Board, Docket No. SF0752010122-B-2, dismissing his appeal for lack of jurisdiction.  We <u>affirm</u> the decision of the Board.

*Background*

At the time of his resignation, Mr. Gutierrez was employed as a PS-4 garageman at an agency facility in Bakersfield, California. On Sept. 29, 1997 he was placed in an off duty status because of threatening remarks he had made to his supervisor. Mr. Gutierrez and the Postal Service eventually entered a last chance settlement agreement wherein he agreed to "not direct challenging, threatening, intimidating, and/or other confrontational language against any management or craft person" and to "conduct himself in a professional manner at all times." The agreement provided that if Mr. Gutierrez breached the agreement he would be terminated immediately with "no further rights of appeal in any forum." On January 28, 1998 Mr. Gutierrez was issued a Notice of Removal for threatening a co-worker. He was eventually permitted to resign, and he signed a document stating: "Ramon Gutierrez hereby voluntarily resigns effective Feb. 6, 1998. This resignation is non-revocable by any party." A Postal Service official also signed the agreement, along with the union president.

Twenty-two months later Mr. Gutierrez appealed to the Board, alleging that his resignation had been coerced. The Administrative Judge issued an order warning Mr. Gutierrez of the apparent untimeliness of his appeal and that the Board lacked jurisdiction over voluntary resignations. In response, Mr. Gutierrez alleged that he had been promised that if he resigned he would be reinstated in a year, and that he had been misled by the agency into believing he had no appeal rights. The agency had not yet entered the last chance settlement agreement into the record. The AJ found Mr. Gutierrez' explanations inadequate and dismissed the appeal for lack of jurisdiction over a voluntary resignation. Mr. Gutierrez then sought review by the full Board, which reversed the Initial Decision,

04-3125                                        2

determining that if Mr. Gutierrez had been misled into believing that he had no appeal rights, his resignation could have been coerced.

On remand, the agency produced the last chance agreement with its waiver of appeal rights. In light of the agreement, the AJ concluded that even if the agency had told Mr. Gutierrez that he had no appeal rights, that statement had not been misleading in view of the last chance agreement which waived appeal rights. The AJ concluded that Mr. Gutierrez had not been coerced into resigning by the statement, and dismissed the appeal. Mr. Gutierrez again petitioned the full Board for review. The full Board, consisting of only two members at the time, divided on the disposition of the Petition for Review, and the Initial Decision became the decision of the Board.

***Discussion***

It is well established that government employees may waive their right of appeal in exchange for a last chance opportunity to retain their employment. See, e.g., Stewart v. United States Postal Service, 926 F.2d 1146 (Fed. Cir. 1991); McCall v. United States Postal Service, 839 F.2d 664 (Fed. Cir. 1988). There is no dispute that Mr. Gutierrez entered such a last chance agreement, and he does not dispute that he breached it. Thus the agency could have removed him from employment and, had it done so, Mr. Gutierrez would have had no right to appeal to the Board.

Instead, the agency permitted him to resign. Mr. Gutierrez now seeks Board review of the merits of his removal, by stating that the resignation was coerced. The agency points out that he waived such appeal when he signed the last chance agreement. We agree that this waiver remains in place, although the agency permitted him to resign rather

than be removed. Mr. Gutierrez has not established improper acts on the part of the agency in connection with his resignation. See Staats v. United States Postal Service, 99 F.3d 1120 (Fed. Cir. 1996) (in order to show coercion, the employee must establish that "the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency.") (citing Schultz v. United States Navy, 810 F.2d 1133, 1136 (Fed. Cir. 1987)). The agency did not act improperly in proposing to terminate Mr. Gutierrez for breach of the last chance agreement, hence the threat of termination did not convert his voluntary resignation into a coerced one.

Mr. Gutierrez also states that the agency promised to reinstate him in a year and, since the agency had no such intention, he was tricked into resigning thereby. He offers no evidence of such a promise, although others, including the union president, were present when he signed the resignation statement. This unsupported statement is insufficient to render Mr. Gutierrez' resignation involuntary.

For these reasons, the decision of the Board must be affirmed.

No costs.

04-3125                                              4